**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN C. WILLIAMSON, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ATLANTIC COUNTY : <br> SUPERIOR COURT et al., : <br> : <br> Defendants. : <br> : | Civil Action No. 12-7345 (RBK) <br><br> **OPINION** |

**Kugler**, District Judge:

　　This matter comes before the Court upon the Clerk's receipt of Plaintiff's civil complaint ("Complaint"), which arrived accompanied by Plaintiff's application to prosecute this matter in forma pauperis.  See Docket Entries Nos. 1 and 1-1.[1]

　　The Complaint, a 16-page document, names the following entities and individuals as Defendants in this matter: (1) Atlantic County Superior Court ("Superior Court"); (2) Atlantic County Prosecutor's Office ("Prosecutor's Office"); (3) Atlantic County Justice Facility ("Jail"); (4) Egg Harbor Township Municipal Court ("Municipal Court"); (5) Detective Heather Stumpf ("Stumpf"); (6) Police Officer Shawn Owen ("Owen"); (7) Sargent Charles Super ("Super"); (8) Sargent Hughes ("Hughes"); (9) Judge

---

[1] On November 13, 2012, Plaintiff was convicted to a 3-year term for stalking.  See https://www6.state.nj.us/DOC_Inmate/details?x=1419708&n=0.

Robert Switzer ("Switzer"); (10) Municipal Judge Cappuccio ("Cappuccio"); (11) Superior Court Judge Bernard DeLury ("DeLury"); (12) Julio Mendez, an Assignment Judge of the Superior Court ("Mendez"); (13) pool counsel Bonny Putterman assigned to represent Plaintiff in the State's criminal proceeding against him ("Defense Attorney"); (14) assistant prosecutor Harlee Stein ("Prosecutor"); and (15) Geraldine Cohen, the warden of the Atlantic County Justice Facility ("Warden").[2] See Docket Entry No. 1, at 1 and 3-18.

   Plaintiff asserts that the above-listed Defendants violated his rights because: (1) officers Owens, Stumph, Super and Hughes (collectively, "Police Officers") arrested Plaintiff without probable cause; (2) Judges Switzer and Cappuccio conducted the initial steps of Plaintiff's criminal proceedings in a fashion Plaintiff found erroneous; (3) Judge DeLury conducted the follow-up steps of Plaintiff's criminal proceedings in a fashion Plaintiff found erroneous; (4) Judge Mendez failed to supervise Plaintiff's grand jury proceedings; (5) Plaintiff's Defense Counsel denied Plaintiff effective legal assistance; (6) the Prosecutor unduly file the indictment and prosecuted Plaintiff; and (7) the Warden held Plaintiff at the ACJF during the pre-trial period.  See id.

---

   [2] Plaintiff now seeks damages for the lost property, affected credit history and loss of personal relationships due to his arrest and conviction.

The Supreme Court detailed the standard for summary dismissal of a complaint in Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible since that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

Here, Plaintiffs named, as Defendant, state courts, ACJF, Judges, Prosecutor's Office, Prosecutor, Defense Attorney, Warden and the Police Officers. However, state courts, ACJF and the Prosecutor's Office are "arms of the state" and, thus, not "persons" within the meaning of a Section 1983 action. See Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Reiff v. Philadelphia County Court of Common Pleas, 827 F. Supp. 319, 324 (E.D. Pa. 1993) (court is not a "person"); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Therefore, Plaintiff's claims against these entities are facially deficient and must be dismissed with prejudice.

Moreover, judges are absolutely immune from damages for all acts performed in their official capacity,[3] and prosecutors are absolutely immune from damages for acts that are "intimately associated with the judicial phase of the criminal process," Imbler v. Pachtman, 424 U.S. 409, 430-31(1976), including use of false testimony and suppression of evidence favorable to the defense.[4]

---

[3] The doctrine of judicial immunity provides that judges are immune from suit for monetary damages arising from their judicial acts. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000); see also Mireles v. Waco, 502 U.S. 9 (1991) (per curiam). To determine whether the judicial immunity doctrine applies, the Court must establish: (a) whether the judge's actions were "judicial" in nature; and (b) whether the judge acted in the "clear absence of all jurisdiction over the subject matter." Gallas, 211 F.3d at 768-69 (quoting Stump v. Sparkman, 435 U.S. 349, 356 n.6 (1978)). Where a judge "was properly called to preside over [a litigant's court proceeding], there could be no basis for a presumption that [the judge] acted 'in the clear absence of all jurisdiction.'" Peeples v. Citta, 2012 U.S. Dist. LEXIS 52895, at *15 (D.N.J. Apr. 16, 2012) (relying on Gallas, 211 F.3d at 769). An act is judicial in nature if "it is a function normally performed by a judge" and if the parties "dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. "'[A litigant's] allegations of bad faith [and] malice' cannot overcome [judicial] immunity." Abulkhair v. Rosenberg, 457 F. App'x 89 (3d Cir. 2012) (quoting Mireles, 502 U.S. at 11). Simply put, "an act does not become less judicial by virtue of an allegation of malice or corruption of motive," or that such action is "unfair" or "controversial." Gallas, 211 F.3d at 769; accord Stump, 435 U.S. at 363 ("[d]isagreement with the action taken by the judge . . . does not justify depriving the judge of his immunity").

[4] Since Imbler, the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application." Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009) (citations omitted); see also Allen v. Johnson, 2013 U.S. Dist. LEXIS 2432 (D.N.J. Jan. 7,

4

Thus, Plaintiff's claims against the Judges and Prosecutor, being based on the acts taken by these individuals in their official capacities as judges or advocates of the State, are facially barred and must be dismissed with prejudice.

Furthermore, Plaintiff's challenges against the Warden are also subject to dismissal with prejudice since the Complaint make it clear that the Warden had no personal involvement in the events alleged in this matter.  See Iqbal, 556 U.S. 662.

The foregoing analysis leaves the Court solely with Plaintiff's false arrest allegations against the Police Officers.

The Fourth Amendment guarantees an individual's right to be free from "unreasonable searches and seizures."  U.S. Const. amend. IV.  Correspondingly, the Fourth Amendment "prohibits a police officer from arresting a citizen except upon probable cause."  Orsatti v. N.J. State Police, 71 F.3d 480, 482 (3d Cir. 1995); see also Bailey v. United States, 133 S. Ct. 1031 (2013); Florida v. Harris, 133 S. Ct. 1050 (2013).  Thus, to prevail on a claim for false arrest, a plaintiff must prove that the officer defendants lacked probable cause to arrest him.  See Groman v. Township of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995).  Thus, "[t]he proper inquiry in a Section 1983 claim based on false

---

2013) (absolute immunity applies to prosecutorial indictments); David v. Miller, 2012 U.S. Dist. LEXIS 178023 (D.N.J. Dec. 17, 2012) (same); Retzler v. Marrone, 2009 U.S. Dist. LEXIS 68624 (E.D. Pa. Aug. 5, 2009) (same, as to an allegedly forced guilty plea).

5

arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988). "[W]hen an officer has probable cause to believe a person committed even a minor crime[,] . . . the balancing of private and public interests is not in doubt [and t]he arrest is constitutionally reasonable." Virginia v. Moore, 553 U.S. 164, 171 (2008). Correspondingly, a plaintiff must state "the facts [showing that, under the] circumstances within [the officer's] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by the person to be arrested."[5] Mosley v. Wilson, 102 F.3d 85, 94-5 (3d Cir. 1996); accord Revell v. Port Authority of New York, New Jersey, 598 F. 3d 128, 137 n.16 (3d Cir. 2010).

Here, Plaintiff merely states that his arrest was "illegal," because it was, allegedly, based on a certain statement that Plaintiff qualified, without any clarification or elaboration, as a false document. However, such allegations presents a purely conclusory allegation the Court must ignore under the holding of Iqbal. Therefore, Plaintiff's false arrest challenge, as pled,

---

[5] "Probable cause requires more than bare suspicion, but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." Hughes v. Meyer, 880 F. 2d 967, 969 (7th Cir. 1989).

6

will be dismissed with regard to the remaining Defendants, i.e., the Police Officers.  However, since Plaintiff might be able to cure the shortcomings of this challenge by filing an amended pleading detailing the circumstances of his arrest, the nature of the statement at issue and the facts leading Plaintiff to conclude that the statement was false, the Court will dismiss this final line of challenges without prejudice.  See Foman v. Davis, 371 U.S. 178, 182-83 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits").

   For the foregoing reasons, Plaintiffs' application to proceed in forma pauperis will be granted.  His Complaint will be dismissed without prejudice to Plaintiff's false arrest challenges raised against the Police Officers, while the remainder of his claims will be dismissed with prejudice.

   An appropriate Order accompanies this Opinion.


                              s/Robert B. Kugler
                              **ROBERT B. KUGLER**
                              **United States District Judge**

Dated:  May 8, 2013